UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Regina Davis, | Case No. 0:21-cv-01287 (PJS/DJF) |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S MOTION TO AMEND THE PRETRIAL SCHEDULING ORDER** |
| Experian Information Solutions, Inc., | |
| Defendant. | |

This matter is before the Court on the Defendant's Motion to Amend the Pretrial Scheduling Order ("Motion"). (ECF No. 22.) Defendant seeks to amend the dispositive motions deadline from September 15, 2022 to the earliest date available on Chief Judge Schiltz's dispositive motions calendar, which, at the time of Defendant's Motion, was the week of January 9, 2023. (*Id.* at 3.) Plaintiff opposes the Motion. A hearing on the Motion is scheduled for September 28. Having reviewed the parties' submissions, the Court does not believe a hearing would be necessary or helpful in resolving this dispute. Because Defendant does not demonstrate good cause, the Motion is denied.

The Pretrial Scheduling Order clearly stated that "[a]ll dispositive motions . . . must be served, filed and **HEARD** on or before September 15, 2022." (ECF No. 13 at 4, emphasis in the original.) It also warned the parties that "the scheduling of a dispositive motion requires considerable advance notice (typically three to four months)." (*Id.*) Nevertheless, Defendant's counsel states that he didn't realize dispositive motions must be heard on or before the deadline until September 6, 2022. (ECF No. 22 at 1.) That same day, Defendant called Chief Judge Schiltz's Courtroom Deputy and learned the earliest he could schedule a dispositive motion hearing was the

1

week of January 9, 2023. *Id.* at 1–2. A day later, on September 7, 2022, Defendant filed its Motion seeking an extension of the dispositive motions deadline to the earliest date available on Chief Judge Schiltz's dispositive motion calendar—an extension of close to four months. *Id.* at 4.

"A [pretrial] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); Local Rule 16.3(b) ("A party that moves to modify a scheduling order must: (1) establish good cause for the proposed modification: and (2) explain the proposed modification's effect on any deadlines."). "The primary measure of good cause [under Rule 16(b)(4)] is the movant's diligence in attempting to meet the order's requirements." *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006), *overruled on other grounds by Avichail ex rel. T.A. v. St John's Mercy Health System*, 686 F.3d 548 (8th Cir.2012). "It hardly bears mentioning . . . that carelessness is not compatible with a finding of diligence and offers no reason for grant of relief." *Grage v. Northern States Power Co.*, Civ. No. 12–2590 (JRT/JSM), 2014 WL 12610147 at *3 (D. Minn. 2014) (quoting *E.E.O.C. v. Hibbing Taconite Co.*, 266 F.R.D. 260, 265 (D. Minn. 2009)). Courts generally will not "consider prejudice [to the nonmovant] if the movant has not been diligent in meeting the scheduling order's deadline." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 717 (8th Cir. 2008).

Defendant appears to concede that carelessness is the only reason for its failure to schedule a hearing on or before the dispositive motion deadline, stating that: "Counsel for Experian calendared the September 15 date, but inadvertently missed the additional requirement to schedule a motion hearing in advance of the summary judgment deadline." (ECF No. 22 at 1.) Counsel's failure to carefully read the Pretrial Scheduling Order does not justify the lengthy delay in the pretrial calendar that Defendant requests. Because Defendant fails to establish good cause to extend the dispositive motion deadline, the Court need not address Defendant's other arguments.

**IT IS HEARBY ORDERED** that:

1. The hearing scheduled for September 28 on Defendant's Motion to Amend the Pretrial Scheduling Order (ECF No. [23]) is **CANCELED**; and

2. Defendant's Motion to Amend the Pretrial Scheduling Order (ECF No. [22]) is **DENIED**.

Dated:  September 19, 2022          s/ Dulce J. Foster
                                    DULCE J. FOSTER
                                    United States Magistrate Judge